# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

### DOCKET NO. 3:98-cr-00297-FDW

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | |
| KEITH LORRAINE BYERS, ) | ORDER |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court on Defendant's Amended Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. No. 245) based upon the retroactive application of the crack cocaine penalty reduction imposed by the United States Sentencing Commission. See United States Sentencing Commission Sentencing Guidelines, Amendment 706, as amended by Amendment 711 (reducing the guideline range for crack cocaine offenses, effective November 1, 2007) and Amendment 713 (making Amendment 706 retroactive, effective March 3, 2008). The Government has responded in opposition to the motion. (Doc. No. 258.) The Court has reviewed Defendant's case to determine whether he is eligible for a sentence reduction. The Government concedes that Defendant is eligible for the reduction, and the Court is inclined to grant it, but for the reasons that follow is unwilling to give Defendant the extent of the reduction he has requested.

Defendant Keith Lorraine Byers was indicted on November 2, 1998, and charged with conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1). On February 2, 1999, the Government filed a notice pursuant to 21 U.S.C. § 851 notifying the Court that it intended to rely on a prior conviction for the sale of cocaine in

Mecklenburg County. On April 13, 1999, Defendant pled guilty and accepted responsibility for more than 1.5 kilograms of crack cocaine. The Government subsequently withdrew the § 851 motion and recommended a downward departure of 11 offense levels pursuant to Sentencing Guidelines § 5K1.1 for Defendant's substantial assistance.

Defendant's original guideline range of imprisonment was between 360 months and life, based on an offense level of thirty-seven (37) and a criminal history category of VI as calculated by the Guidelines as they existed at the time of Defendant's sentencing. At sentencing on May 3, 2000, the court departed downward by 12 levels and sentenced Defendant to 110 months' imprisonment, a sentence that was 31% of the low end of the original guideline range. The sentence was also one month below the mandatory minimum for the amount of cocaine base attributed to Defendant. Defendant has served 103 months of his sentence and now requests that this Court reduce his sentence to 91 months.[1] Doing so would not only result in the immediate release of Defendant, but would also create a twelve-month "credit" to be applied against any future sentence that the Court might later impose upon revocation of supervised release.

Section 3582(c)(2) of Title 18 provides that in the case of a defendant who has been sentenced to a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," the court *may* reduce the term of imprisonment upon motion of the defendant or upon its own motion, "after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent they are applicable" and if such a reduction is consistent with the applicable

---

[1] The offense level after the application of the retroactive amendment would be thirty-five (35), yielding a guideline range of 292 to 365 months. Based on U.S.S.G. §1B1.10, the proportionate revised sentence would be 91 months, which is at 31 percent of the low end of the new guideline range; such a sentence would be comparable to the 110 months that he is serving based on the previous range of 360 months to life.

policy statements issued by the Sentencing Commission. The text of § 1B1.10, as amended, makes clear in subsection (a)(3) that "proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant." Id. § 1B1.10(a)(3). In the Commentary to § 1B1.10, the Sentencing Commission emphasized that the decision to grant a sentence reduction authorized by retroactive amendments is a discretionary decision, making clear that defendants are not entitled to such reductions as a matter of right: "The authorization of such a *discretionary reduction* . . . does not entitle a defendant to a reduced term of imprisonment as a matter of right." Id. Background Commentary (emphasis added); see also U.S.S.G. § 1B1.10(a)(1) (indicating that the Court "*may* reduce the defendant's term of imprisonment") (emphasis added).

The full record before the Court, including the original Presentence Report, indicates that Byers was actively involved for seven years in a violent conspiracy that lasted at least a decade. This long-term commitment to a conspiracy involving crack cocaine and violence indicates a gross disrespect for the law; his criminal history reflects such disrespect. In little more than a decade of his life, spanning from his early twenties to his early thirties, Defendant has thirteen convictions for conduct including gambling, drug possession, possession of stolen goods, breaking and entering, forcible trespass, and escape from prison. His criminal history also includes one conviction for assault on a female, thus indicating Defendant's propensity for violence.

For substantial assistance provided to the Government, Defendant was sentenced to less than the mandatory minimum for the amount of crack cocaine attributed to him pursuant to the Government's § 5K1.1 motion. In fact, the court departed downward one level further in the original sentencing than recommended by the Government and sentenced Byers to about one third of his original low end.

While in prison, Defendant has not conducted himself as though he has a desire to take full advantage of this generous sentence. He has been issued three citations in the past six years for misconduct, including a citation for fighting, smoking in an unauthorized area and being absent from assignment. While Defendant has completed numerous educational programs, including a drug education class, this conduct alone is not sufficient indication that Defendant will refrain from further criminal activity. Although Defendant blames his past criminal activities on drug abuse, he declined the residential drug treatment program.

Although the Court has considered all of the § 3553(a) sentencing factors as they relate to Defendant, facts such as these remind the Court of its responsibility "to afford adequate deterrence to criminal conduct" and "to protect the public from further crimes of the defendant." 18 U.S.C. §§ 3553(a)(2)(B),(C).

The Court does feel, however, that Defendant should receive some benefit from the crack cocaine amendment. The Court will, therefore, reduce Defendant's sentence by one (1) month, from 110 months to 109 months. This reduction gives Defendant the benefit of the amendment while recognizing the Court's duty to deter future criminal conduct and to protect the public safety. The Court finds that this amended sentence of 109 months is adequate, but no greater than necessary, to accomplish the objectives of 18 U.S.C. § 3553(a), while a further reduction would frustrate those objectives.[2]

---

[2] The Court notes that it is not required under Fourth Circuit case law to undertake an exhaustive analysis of all of the § 3553(a) factors in this Order. See United States v. Legree, 205 F.3d 724, 728 (4th Cir. 2000); see also United States v. Foster, No. 07-7066, 2007 WL 4284675, at *1 (4th Cir. December 7, 2007); United States v. Johnson, 138 F.3d 115, 119 (4th Cir. 1998); United States v. Davis, 53 F.3d 638, 642 (4th Cir. 1995).

Therefore, the Court finds that, under the facts and circumstances of this case, and in consideration of the relevant sentencing factors at § 3553(a), an amended sentence of 109 months is an appropriate reduction. Accordingly, Defendant's motion is GRANTED.

IT IS FURTHER ORDERED that as a condition of supervised release Defendant shall submit to the local Residential Reentry Center for a period not to exceed 90 days, with work release, at the direction of the U.S. Probation Officer.

IT IS SO ORDERED.

Signed: May 22, 2008

Frank D. Whitney
United States District Judge